1
2
3
4
5
6
7
8
9            **UNITED STATES DISTRICT COURT**

10        **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 | FIRST DIRECT PAYMENT SERVICES,     Case No.: 22-cv-1599-MMA (DEB)

13                        Plaintiff,     

14 v.                            **ORDER RE: MOTION TO SET**

**ASIDE ENTRY OF DEFAULT AND**

15 REAL TIME CARE LLC, LUTHER      **MOTION FOR LEAVE TO FILE**

GUNTHER QUICK III, and DOES     **FIRST AMENDED COMPLAINT**

16 1 through 15,

17                       Defendants.     [Doc. Nos. 27; 35]

18
19
20
21
22

23        Pending before the Court is Defendant Real Time Care LLC's Motion to Set Aside

24 Entry of Default and Plaintiff First Direct Payment Services' Motion for Leave to File

25 First Amended Complaint. Doc. Nos. 27, 35. The Court found the matters suitable for

26 determination on the papers and without oral argument pursuant to Federal Rule of Civil

27 Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. Nos. 32, 40. For the reasons set

28 forth below, the Court **GRANTS** both motions.

# I. Background

On October 17, 2022, Plaintiff First Direct Payment Services ("Plaintiff"), a Nevada corporation, filed a Complaint against Defendants Luther Gunther Quick III ("Quick") and his New Jersey company, Real Time Care LLC ("Real Time") (together, "Defendants") for various causes of action relating to Plaintiff's "enterprise resource planning and point of sales software platform." Doc. No. 1 ¶ 1 ("Compl."). Specifically, Plaintiff alleges five causes of action against Defendants: (1) breach of contract; (2) fraud; (3) intentional interference with prospective economic relations; (4) misappropriation; and (5) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836. *Id.* ¶¶ 62–109.

Plaintiff properly served a copy of the summons and Complaint upon Defendant Quick on November 2, 2022, and upon Defendant Real Time on November 14, 2022. *See* Doc. Nos. 3, 4. Having failed to receive a timely answer or response, Plaintiff requested the Clerk of Court enter default against both Defendants, *see* Doc. Nos. 5, 7, and default was entered accordingly on December 2, 2022, and December 12, 2022. Doc. Nos. 6, 8. On December 30, 2022, Plaintiff timely moved the Court for default judgment against both Defendants. Doc. No. 11.

On January 17, 2023, Defendant Quick, proceeding *pro se*, filed an opposition to Plaintiff's motion for default judgment. Doc. No. 13. On that same date, Defendant Quick also attempted to file an answer to the Complaint on behalf of himself and Defendant Real Time. Doc. No .14.

On February 28, 2023, this Court denied Plaintiff's motion without prejudice as to both Defendants and set aside entry of default as to Quick. Doc. No. 18. However, the Court ruled that the Clerk's entry of default would remain as to Real Time because "there [were] no pleadings by a licensed attorney on behalf of Defendant Real Time, nor . . . any manifestation by a licensed attorney of an intent to fight against Plaintiff's claims." *Id.* at 5–6.

Now pending before the Court is Real Time's Motion to Set Aside Entry of Default. Doc. No. 27. Plaintiff filed an opposition, and Real Time replied. Doc. Nos. 30, 31. After the Court took the matter under submission on June 27, 2023, Doc. No. 32, Plaintiff filed a Motion for Leave to File First Amended Complaint against both Defendants on July 3, 2023, Doc. No. 25. Defendants do not oppose Plaintiff's motion. Doc. No. 39.

## II. DISCUSSION

### A.    Motion to Set Aside Entry of Default

The Court first considers Defendant Real Time's Motion to Set Aside Entry of Default. Doc. No. 27. Entry of default may be set aside for good cause. *See* Fed. R. Civ. Pro. 55(c). The court examines three factors when determining whether there is good cause: (1) whether the defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether setting aside the default will prejudice the plaintiff. *See Franchise Holding II, LLC, v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). The defaulting party bears the burden of showing the default should be set aside. *Id.* However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). A court's discretion to set aside a default is "especially broad" where, as here, an entry of default, as opposed to a default judgment, is being set aside. *O'Conner v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

The Court concludes good cause exists to set aside entry of default. First and importantly, the Court finds no evidence of bad faith or culpable conduct in Real Time's failure to respond to the Complaint. Defendant Quick, owner and operator of Real Time, adequately explains the circumstances which led to him proceeding *pro se*, and his erroneous belief that he could also act on behalf of his company Real Time without a licensed attorney. *See* Doc. No. 27-3 ¶¶ 6–10. Quick's declaration also indicates that

once he was informed that he could seek legal counsel through Real Time's insurance policy, he did so promptly.  *Id.* ¶¶ 10–12.  The Court also notes that after counsel filed notices of appearances on behalf of both Quick and Real Time, the instant Motion to Set Aside Entry of Default followed shortly after.  Doc. Nos. 23–24, 27.  Therefore, the Court finds that the circumstances leading to the default do not show bad faith, but rather, mistake or perhaps inadvertence.  Thus, this factor weighs in favor of setting aside entry of default.

Second, the Court favors a decision on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (holding default judgments generally are disfavored because "cases should be decided on their merits whenever reasonably possible").  Defendant Real Time asserts it will provide defenses in this litigation, including that the parties never had a valid contract, that Plaintiff's fraud allegations are false, and that Real Time has not retained any of Plaintiff's trade secrets.  Doc. Nos. 27-1, 31.  In addition, Real Time submitted declarations, which attack the sufficiency of Plaintiff's alleged claims and contest Plaintiff's ability to establish certain elements of its claims.  Doc. Nos. 27-3, 31-2.  With these assertions, the Court will be able to evaluate the merits of Plaintiff's case against Defendant Real Time's defenses, and decide the case on the merits.  *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (burden to show meritorious defense is "not extraordinarily heavy" and "the question whether the factual allegation is true . . . would be the subject of the later litigation") (internal quotation marks, alteration marks, and citation omitted); *see, e.g.*, *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, 2016 WL 7479368, *4 (C.D. Cal. 2016) (setting aside default where defendant established "the possibility of at least one meritorious defense").

Lastly, the Court finds no prejudice to Plaintiff in permitting this case to proceed forward.  Specifically, this case is still in the early stages of litigation and no substantive activity has occurred in the matter.  *Contra PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (noting this factor weighs in favor of default if the

plaintiff "will likely be without other recourse for recovery" without a default judgment). In addition, the Court especially finds no prejudice in this case given Plaintiff's request to file a First Amended Complaint adding new claims against both Defendants.

In light of the foregoing, the factors weigh in favor of setting aside the entry of default against Defendant Real Time. Therefore, the Court **GRANTS** Defendant Real Time's Motion to Set Aside Entry of Default, Doc. No. 27.

**B.    Motion for Leave to File First Amended Complaint**

Plaintiff seeks leave to file a First Amended Complaint to add claims of breach of contract,[1] negligence, negligent interference with prospective economic relations, and professional negligence. Doc. No. 35-1 at 2. Plaintiff has made no other requests for leave to amend. In addition, Plaintiff argues that its proposed additional claims "are substantially related to the originally filed Complaint and are necessary to assert and preserve all of Plaintiff's claims for relief." *Id.*

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and

---

[1] Plaintiff's original Complaint contains two counts related to its breach of contract cause of action. Doc. No. 1 at 10–11. Plaintiff proposes to add a third count to its breach of contract cause of action in its First Amended Complaint. *See* Doc. No. 35-4 at 13.

others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052.  "The party opposing amendment bears the burden of showing prejudice."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital, LLC*, 316 F.3d at 1052.

Upon review of Plaintiff's motion, its proposed amendments, and given Defendants' notice of non-opposition, Doc. No. 39, the Court hereby **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint, Doc. No. 35.

### III. CONCLUSION

In light of the foregoing:

1. The Court **GRANTS** Defendant Real Time's Motion to Set Aside Entry of Default, Doc. No. 27.

2. The Court **VACATES** the Clerk's entry of default as to Defendant Real Time.

3. The Court **GRANTS** Plaintiff's Motion for Leave to File First Amended Complaint, Doc. No. 35.

4. **No later than September 26, 2023**, Plaintiff shall file its First Amended Complaint, Doc. No. 35-3, on the docket.

5. **No later than October 17, 2023**, Defendants shall respond to the First Amended Complaint.

**IT IS SO ORDERED**.

Dated:  September 19, 2023

HON. MICHAEL M. ANELLO
United States District Judge